UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC WILLIAM AISEN,

    Petitioner,   Case Number 4:25-CV-10471
                                                         HONORABLE F. KAY BEHM
v.   UNITED STATES DISTRICT JUDGE

PEOPLE OF THE
STATE OF MICHIGAN,

    Respondent,
_____/

**OPINION AND ORDER: (1) DISMISSING AS DUPLICATIVE THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Marc William Aisen, ("Petitioner"), incarcerated at the Oakland County Jail in Pontiac, Michigan, seeks the issuance of a writ of habeas corpus, which is being construed as being brought pursuant to 28 U.S.C. § 2241(c)(3).[1] Mr. Aisen challenges his pending prosecution in the Oakland County Circuit Court for using a computer to commit a crime, Mich. Comp. Laws § 752.7973c, and unlawful posting of a message, Mich. Comp. Laws § 750.411s2A.[2] For the reasons that

---

[1] Because Mr. Aisen's application for a writ of habeas corpus was filed before he was convicted of any crimes, the more appropriate vehicle for Petitioner to seek habeas relief is under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v. Leis,* 548 F.3d 425, 430, n. 4 (6th Cir. 2008).

[2] Mr. Aisen did not clearly indicate in his petition the specific charges pending against him. The Court obtained the precise nature of the charges that Petitioner is being charged under from the

follow, the petition is dismissed as duplicative of Aisen's two pending habeas petitions.

## I. BACKGROUND

Aisen previously filed three petitions for writ of habeas corpus, which challenge the same pending charges and raise the same claims as the ones being raised in this petition. Two of these petitions remains pending before this Court, *Aisen v. Bouchard,* No. 4:24-cv-12763 (E.D. Mich.) (Behm, J.), and Judge Denise Page Hood. *See Aisen v. People of the State of Michigan,* No. 2:24-cv-13070 (E.D. Mich.) (Hood, J.).³ No decision has been rendered in either case. The third case was dismissed for being duplicative of the two other petitions. *Aisen v. People of the State of Michigan,* No. 2:24-cv-13227 (E.D. Mich. Dec. 16, 2024)(Murphy, J.).

Mr. Aisen has now filed the current petition, in which he again challenges his pending prosecution in the Oakland County Circuit Court. Aisen's various pleadings are often rambling and incoherent. However, the Court has endeavored to glean the legal claims and factual allegations being raised by Aisen. In his petition and two briefs in support, Aisen appears to challenge his pending prosecution on the following grounds: (1) the trial court erred in finding Petitioner

---

waiver of extradition form which Mr. Aisen has attached as Exhibit Q to his supplemental brief in support of the petition. (ECF No. 3-2, PageID. 109).

³ While the various pleadings in Case Nos. 4:24-cv-12763 and 2:24-cv-13070 are not identical to Mr. Aisen's current petition, the factual allegations and legal claims are the same as the ones raised in the current petition.

mentally incompetent to stand trial, (2) the trial court erred in denying his motion to dismiss the charges, (3) Petitioner was illegally arrested in violation of his First Amendment right to protest that the victim was "grooming" children, (4) defense counsel is actively working against Aisen and assisting the prosecutor, (5) the criminal complaint is based on false evidence, (6) the prosecutor is engaging in misconduct, (7) Petitioner's right to religious liberty as an Orthodox Jew is being denied because he is being criminally prosecuted for attempting to challenge the fact that the victim in this case has been allegedly assisting Jewish day schools to teach or advocate same-sex relationships and transgenderism to the students, both of which violate Orthodox Jewish law.

## II. DISCUSSION

The instant petition is subject to dismissal because it is duplicative of Mr. Aisen's pending habeas actions in Cases No. 4:24-cv-12763 and No. 2:24-cv-13070.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). Aisen's current habeas petition is subject to dismissal as being duplicative of his still pending habeas petitions because all three cases seek the same relief. *Id.; See also Davis v. U.S. Parole Comm'n*, 870 F.2d 657 (Table), No. 1989 WL 25837, * 1

(6th Cir. Mar. 7, 1989) (district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); *See also Conner v. Warden*, No. 5:24-CV-00717, 2024 WL 4096437, at *1 (W.D. La. Aug. 12, 2024), *report and recommendation adopted*, No. CV 5:24-0717 SEC P, 2024 WL 4094291 (W.D. La. Sept. 5, 2024) (dismissing as duplicative pre-trial habeas petition challenging the same pending state court charges). Accordingly, this petition for writ of habeas corpus will be dismissed.

### III. CONCLUSION

The Court summarily dismisses the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. 28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether a habeas petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of the habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) (pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies Mr. Aisen a certificate of appealability because his current petition is duplicative of his still pending habeas petitions. *See Maske v. Murphy*, 357 F. App'x 981, 982-83 (10th Cir. 2009). The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. ORDER

IT IS ORDERED that the petition is SUMMARILY DISMISSED. The Court makes no determination as to the merits of the claims. All future pleadings should be filed in Petitioner's pending cases. This case is closed.

Petitioner is denied a certificate of appealability or leave to appeal *in forma pauperis*.

SO ORDERED.

Date: April 17, 2025                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge

5